**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Stefan Bogdanovich (State Bar No. 324525)
1990 N. California Blvd. 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4450
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
         sbogdanovich@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRE PETRUN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARKS & RESORTS, INC.,<br><br>Defendant. | Case No. **'26CV0090 BTM BLM**<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

1  Plaintiff Claire Petrun ("Plaintiff") brings this action on behalf of herself and all others similarly situated against SeaWorld ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a class action on behalf of all persons that purchased tickets from Defendant United Parks & Resorts, Inc. for access to SeaWorld in San Diego, California.

2. Defendant United Parks & Resorts, Inc. ("Defendant" or "SeaWorld") is a theme park company. It sells tickets to theme parks, including California theme park SeaWorld. To sell these tickets, Defendant uses unfair and illegal tactics to trick and manipulate consumers into purchasing tickets and paying more than they otherwise would. These include using (1) fake sales, and (2) hidden fees.

3. For years, Defendant has overcharging customers on its website in violation of the California Ticket Seller Law, California Business and Professions Code section 22502.2, and California Civil Code § 1770.

4. Defendant also used hidden fees to sell its tickets. It advertised one price, only to later disclose a higher, different price later in the checkout process. Such fees are deceptive and unfair because it "interferes with consumers' ability to price-compare and manipulates them into paying fees that are either hidden entirely or not presented until late in the transaction, after the consumer already has spent significant time selecting and finalizing a product or service plan to purchase."[1] This is unfair, and illegal under California law.

5. Worse still, Defendant even though it initially tells consumers that a sum certain will be charged it "Taxes & Fees," it does not gives consumers a

---

[1] Defendant appears to have changed its practice of hidden fees on or around July 1, 2024.

1
CLASS ACTION COMPLAINT - JURY TRIAL DEMANDED

breakdown of how much is taxes and how much is fees. After a consumer clicks the "Checkout" button, Defendant reveals no taxes were charged at all, and the entire amount was Defendant's Service Fee.

6.     This all violates the California Ticket Seller Law, California Business and Professions Code § 22502.2, which prohibits "represent[ing] that he or she can deliver or cause to be delivered a ticket at a specific price or within a specific price range and to fail to deliver within a reasonable time or by a contracted time the tickets at or below the price stated or within the range of prices stated" and California Civil Code § 1770(a)(9), which prohibits "[a]dvertising goods or services… with intent not to sell them as advertised." *Mansfield v. StockX LLC*, --- F. Supp. 3d ----, 2025 WL 2811791, at *8 (N.D. Cal. Oct. 3, 2025).

7.     Defendant's practice of charging hidden fees a per se violation of California's Ticket Seller Law.  Defendant's other practice of hiding its fees in a "taxes & fees" line-item is also independently a deceptive trade practice under the CLRA, California Civil Code §§ (a)(9) and (a)(14), as other courts applying similar consumer protection laws have held. *See, e.g.*, *Watson v. Crumbl LLC*, 736 F. Supp. 3d 827, 842 (E.D. Cal. 2024); *Gill v. Chipotle Mexican Grill, Inc.*, 2025 WL 1443767, at *4 (C.D. Cal. May 19, 2025); *Carovillano v. Sirius XM Radio Inc.*, 715 F. Supp. 3d 562, 575 (S.D.N.Y. 2024).

8.     For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers from Defendant's website, https://seaworld.com/san-diego/, for actual damages, reasonable attorneys' costs and fees, and injunctive relief under California Business and Professions Code § 22502.2, *et seq.*, and California Civil Code § 1770.

## PARTIES

9.     Plaintiff Claire Petrun is an individual consumer who, at all times material hereto, was a domiciliary of San Diego, California.  Plaintiff purchased two tickets to SeaWorld on or about October 7, 2023 through Defendant's website,

2
CLASS ACTION COMPLAINT - JURY TRIAL DEMANDED

https://seaworld.com/san-diego/. The transaction flow process she viewed on Defendant's website was substantially similar to that as depicted in Figures 1 through 7 of this Complaint.

10. Defendant United Parks & Resorts, Inc. is a Delaware limited liability company with its principal place of business in Orlando, Florida. Defendant owns and operates SeaWorld in San Diego, California, as well as the website, https://seaworld.com/san-diego/. Defendant is the owner of the SeaWorld, and not a contractor for events in the venue.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

12. Venue is proper in this District because Defendant does business in this District, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

13. This Court has personal jurisdiction over Defendant because the wrongful conduct against Plaintiff occurred in this District.

## FACTUAL ALLEGATIONS

14. 15. When a person visits Defendant's website, https://seaworld.com/san-diego/, on the main page, she can select the "Buy Tickets" button to begin the ticket purchase process. *See* Figure 1.



**Figure 1**

15. After a consumer selects the "Buy Tickets" button, she is taken to a screen where the can select the quantity of tickets she wishes to purchase. *See*





Figure 2.

**Figure 2**

4

CLASS ACTION COMPLAINT - JURY TRIAL DEMANDED

16. Once a consumer selects the number of tickets she wishes to purchase and selects "Add to cart," a pop-up appears with the option to add additional items to the consumer's order. *See* Figure 3.

**Figure 3**



After a consumer selects the tickets she wishes to purchase, a pop-up appears in the corner, displaying the tickets and subtotal from the consumers' selections. *See* Figure 4. Notably, throughout the checkout process, the prices displayed to the consumer have not included any fees. *Id.*

**Figure 4**

17. After the consumer clicks the "Checkout" button, she is presented with the "Cart" page and her "Order Summary." *See* Figure 5. On this page, for the first time, Defendant displays a whopping $10.99 in "Taxes & Fees." *Id.*



**Figure 5**

18. If the consumer hovers over the "i" information mark to inquire about the purpose of the "Taxes & fees," Defendant explains that the "Taxes & fees" "[c]overs taxes and administrative processing costs." *Id.* This language implies that some of "Taxes & fees" are charged by the government. They are not.

19. Even worse, Defendant puts consumers on a shot-clock, requiring them to make their purchase within twelve minutes. *See* Figure 6.



**Figure 6**

20. All the while putting consumers on a shot-clock to purchase quickly, Defendant quietly discloses that the additional $10.99 in "Taxes & Fees" is actually

6
CLASS ACTION COMPLAINT - JURY TRIAL DEMANDED

all "Fees" and no "Taxes."  *See* Figure 7.  Throughout the checkout process, Defendant quotes consumers its fee under the misleading heading "Taxes & Fees" to falsely pin the responsibility for these junk fees on the government.  In reality, taxes are never a part of the equation.



**Figure 7**

**Violations of California's Ticket Sale Law:**

21. Under California Business and Professions Code section 22502.2, it is:

> unlawful for a ticket seller to represent that he or she can deliver or cause to be delivered a ticket at a specific price or within a specific price range and to fail to deliver within a reasonable time or by a contracted time the tickets *at or below* the price stated.  (emphasis added).

22. A "ticket seller" is defined as "any person who for compensation, commission or otherwise sells admission tickets to sporting, musical, theatre, or any other entertainment event." Cal. Bus. & Prof. Code § 22503.

23. As described above, Defendant's "sells admission tickets to [an] entertainment event."  Accordingly, Defendant is a ticket seller.

24. Furthermore, Defendant represents its tickets at one price and guarantees to hold the ticket at that price for ten minutes.  However, as shown above, Defendant systematically fails to deliver on that promise and upcharges consumers within the twelve-minute period.

## CLASS ALLEGATIONS

25. Plaintiff seeks to represent a class defined as all individuals in the United States who purchased event tickets from Defendant's website, https://seaworld.com/san-diego/, during the applicable statute of limitations period (the "Class").  Excluded from the Class are governmental entities, Defendant,

Defendant's affiliates, parents, subsidiaries, employees, officers, directors, and co-conspirators. Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff.

26. **Numerosity.** Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

27. **Commonality and Predominance.** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: (a) whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of California Business and Professions Code section 22502.2; (b) whether the displayed price of Defendant's tickets increases during the purchase process in violation of California Business and Professions Code section 22502.2; (c) whether Defendant's marketing of the ticket prices was false and misleading; (d) whether Defendant's conduct was fair and/or deceptive; and (e) whether Plaintiff and members of the Class and Subclass have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

28. **Typicality.** The claims of the named Plaintiff are typical of the claims of the Class and Subclass in that the named Plaintiff and the members of the Class and Subclass sustained damages because of Defendant's uniform wrongful conduct, based upon Defendant failing to disclose the total cost of their tickets throughout the online ticket purchase process.

29.     **Adequacy.**  Plaintiff is an adequate representative of the Class and Subclass because her interests do not conflict with the interests of the Class or Subclass members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class and Subclass members will be fairly and adequately protected by Plaintiff and her counsel.

30.     **Superiority.**  The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of California's Ticket Seller Law, Cal. Bus. & Prof. Code § 22502.2 *et seq.*
### (On Behalf Of The Class)

31.     Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

32.     Plaintiff brings this claim individually and on behalf of the Class and California Subclass against Defendant.

33.     Defendant is a "ticket seller" because it owns and operates owns and operates the website, https://seaworld.com/san-diego/, which "sells admission tickets

to sporting, musical, theatre, or <u>any other entertainment event</u>" "for compensation [or] commission."  Cal. Bus. & Prof. Code § 22503 (emphasis added).

34. Defendant violated California Business and Professions Code section 22502.2 by "represent[ing] that he or she can deliver or cause to be delivered a ticket at a specific price or within a specific price range and to fail to deliver within a reasonable time or by a contracted time the tickets at or below the price stated or within the range of prices stated," as discussed above.  *See* ¶¶ 15, 17.

35. Plaintiff purchased tickets on Defendant's website and was forced to pay Defendant's ancillary fee.  Plaintiff was harmed by paying this extra fee, which was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, is unlawful pursuant to California Business and Professions Code section 22502.2.

36. On behalf of herself and members of the Class and Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, and to recover two times the contracted price of the ticket and reasonable attorney's fees.  Cal. Bus. & Prof. Code § 22502.3.

**COUNT II**
**California Civil Code § 1770**
**(On Behalf Of The Class)**

37. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

38. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

39. Plaintiff purchased two admission tickets from Defendant's website, owns and operates SeaWorld in San Diego, California, as well as the website, https://seaworld.com/san-diego/, in or around October 7, 2023, and paid fees that were not disclosed until the final checkout page.

40. Defendant violated California Civil Code § 1770(a)(9) by "[a]dvertising goods … with intent not to sell them as advertised" on the product selection screens

depicted in Figures 2-7 of this Complaint. Specifically, Defendant advertised and expressly represented the price of admission tickets with intent not to sell them at the advertised price.

41. By quoting consumers that "Taxes & fees" were charged, when, in fact, no taxes were charged at all, Defendant also violated California Civil Code § 1770(a)(14) by "Representing that a transaction … involves … obligations that it does not have or involve."

42. As a result, Plaintiff and Class Members were harmed because they were misled into paying Defendant's unlawfully applied fees.

43. Plaintiff and Class Members were also harmed by not having the total cost of their admission tickets disclosed upfront at the start of the purchase process. By not knowing the total cost of their admission tickets before selecting them for purchase from Defendant, Plaintiff and Class Members could not readily shop around for tickets to other aquariums like the Birch Aquarium, Sea Life Aquarium, or the many other aquatic encounter experiences in California. As such, Plaintiff and Class Members had no way of knowing whether they were getting the best deal their money could buy. By hiding its processing charges, Defendant was able to reduce price competition and cause consumers like Plaintiff and Class Members to overpay.

44. Plaintiff and Class Members relied on Defendant's false and misleading representations of the advertised cost of the tickets in choosing to purchase their tickets.

45. As detailed in the body of this Complaint, Defendant has made representations regarding the price of the tickets on its website which are false due to the uniform imposition of the Fees described herein. Indeed, Defendant concealed the true price of the tickets, and the true amount of the Fees it was charging on each purchase, from Plaintiff and Class Members.

46. No reasonable consumer would expect the "Checkout" button to reveal an unlawful fee in addition to lawful sales tax and shipping costs. *See* Figures 2-7;

*see also Watson v. Crumbl LLC*, 736 F. Supp. 3d 827, 845-46 (E.D. Cal. 2024) ("Plaintiffs have sufficiently alleged [Defendant] advertises one price for its products while also surreptitiously charging a higher price by adding the Service Fee. Thus, Plaintiffs have sufficiently alleged [Defendant] advertises their goods with the intent not to sell them as advertised.").

47. Defendant, which operates a website selling admission tickets to SeaWorld, does not provide services that would lead reasonable consumers to expect the imposition of the Fees. It is unclear what, if any, "administrative and processing costs" customers accessing the website to purchase tickets would expect to pay for, and Defendant does not disclose the Fees anywhere before customers reach the screen depicted in Figures 5 and 7 of this Complaint.

48. Defendant willfully employed a scheme designed to advertise a price that is not the true cost of the tickets, and did so willfully, wantonly, and with reckless disregard for the truth.

49. On November 20, 2025, Plaintiff sent a demand letter to take corrective action. *See* Cal. Civ. Code § 1782. Defendant did not take such action.

50. On behalf of herself and members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages, and reasonable attorneys' fees. *See* Cal. Civ. Code § 1780.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks a judgment against Defendant, on behalf of herself and all others similarly situated, as follows:

(a) For an order certifying the Classes pursuant Fed. R. Civ. P. 23, naming Plaintiff as representative of the Classes, and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d) For an award of damages to the extent available;

(e) For an award of restitution and disgorgement of profits in an amount to be determined at trial;

(f) For punitive damages, as warranted, in an amount to be determined at trial;

(g) For prejudgment interest on all amounts awarded; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: January 7, 2026              Respectfully submitted,

**BURSOR & FISHER, P.A**.

By:   */s/ Stefan Bogdanovich*
          Stefan Bogdanovich

L. Timothy Fisher (State Bar No. 191626)
Stefan Bogdanovich (State Bar No. 324525)
1990 N. California Blvd. 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4450
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
            sbogdanovich@bursor.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT - JURY TRIAL DEMANDED