1  KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
   LAWRENCE Y. ISER (SBN 094611)
2    liser@khiks.com
   KRISTEN L. SPANIER (SBN 181074)
3    kspanier@khiks.com
   KATHERINE T. KLEINDIENST (SBN 274423)
4    kkleindienst@khiks.com
   11766 Wilshire Boulevard, Suite 750
5  Los Angeles, CA 90025
   Telephone: 310.566.9800
6  Facsimile: 310.566.9850

7  Attorneys for United Parks & Resorts, Inc.

8

9

10            **UNITED STATES DISTRICT COURT**

11           **SOUTHERN DISTRICT OF CALIFORNIA**

12

13

14  CLAIRE PETRUN, on behalf of herself     Case No. 3:26-cv-0090-BTM-BLM
    and all others similarly situated,
15                                          Assigned to Hon. Barry Ted Moskowitz
              Plaintiff,
16                                          **NOTICE OF RELATED CASES**
         vs.
17                                          **[Local Rule 40.1]**
    UNITED PARKS & RESORTS, INC.,
18
              Defendant.
19

20

21

22

23

24

25

26

27

28

*(left margin, rotated)* KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CA 90025
TEL 310.566.9800 • FAX 310.566.9850

**TO THE CLERK OF THE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

Pursuant to Southern District Local Rule 40.1, Defendant United Parks & Resorts, Inc. ("United Parks") hereby provides notice that the above-captioned action (the "Petrun Action"), which was filed on January 7, 2026 in the above-captioned Court, is related to each of the following class action cases also pending in the United States District Courts:

Related Cases Pending in the Southern District of California

- *Marks, et al. v. United Parks & Resorts, Inc.*, Case No. 3:24-cv-01992-RBM-KSC, filed on September 19, 2024 in the San Diego County Superior Court, and removed to this Court on October 25, 2024 (the "Marks Action"); and

- *Ngo v. United Parks & Resorts, Inc.*, Case No. 3:26-cv-00347-RBM-KSC, filed on December 4, 2025 in the San Diego County Superior Court , and removed to this Court on January 15, 2026 (the "Ngo Action").

Related Case Pending in the Middle District of Florida

- *Beeman v. United Parks & Resorts, Inc.*, Case No. 6:25-cv-01931-JSS-DCI, filed on October 6, 2025 (the "Beeman Action").

Related Case Pending in the Southern District of Florida

- *Mouzer v. United Parks & Resorts, Inc.*, Case No. 9:25-cv-81410-EA, filed on November 13, 2025 (the "Mouzer Action").

**Detailed Statement of Relationship between Actions**

***The Petrun Action*** is a putative class action by plaintiff Claire Petrun ("Petrun") against United Parks which arises from United Parks' purported use of "hidden fees to sell its tickets." Petrun Action, Dkt. 1 (Class Action Complaint) ¶ 2. Petrun alleges that, in October 2023, she purchased two tickets to SeaWorld San Diego online, which allegedly included "hidden" Service Fees. *Id*. ¶¶ 9, 14-20.

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CA 90025
TEL 310.566.9800 • FAX 310.566.9850

933623.1                    NOTICE OF RELATED CASES

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CA 90025
TEL 310.566.9800 • FAX 310.566.9850

1  Petrun alleges that United Park "used hidden fees to sell its tickets. It advertised one

2  price, only to later disclose a higher, different price later in the checkout process."

3  *Id*. ¶ 4. Petrun alleges that United Park's online ticketing platform "manipulates

4  [consumers] into paying fees that are either hidden entirely or not presented until

5  later in the transaction, after the consumer has already spent significant time

6  selecting and finalizing a product or service plan to purchase" such that consumers

7  pay more than they otherwise would. *Id*. ¶¶ 2, 4. Petrun asserts claims for violations

8  of California's Ticket Seller Law and California's Consumer Legal Remedies Act

9  and seeks, among other things, injunctive relief and restitution. *Id*.  ¶¶ 8, 31-50,

10  Prayer. Petrun asserts the claims on behalf of herself and the following class:

11
12  > All individuals in the United States who purchased event tickets from [United Parks'] website, https://seaworld.com/san-diego/, during the applicable statute of limitations period (the "Class").

13  *Id*. ¶ 25.

14  **The Marks Action** is a putative class action by plaintiffs David Marks and

15  Tagui Galstian (the "Marks Plaintiffs") against United Parks which arises from,

16  among other things, United Parks' purported use of "hidden fees to sell its tickets."

17  Marks Action, Dkt. 26 (Second Amended Complaint ["SAC"]) at ¶ 62.[1] The Marks

18  Plaintiffs allege that, in April 2023, Marks purchased two single-day tickets to

19  SeaWorld San Diego online, and, in July 2023, Galstian purchased five single-day

20  tickets to Sesame Place San Diego online, all of which allegedly included "hidden"

21  Service Fees. *Id*. ¶¶  86-91. The Marks Plaintiffs alleges that United Park unlawfully

22  advertises and displays ticket prices for SeaWorld San Diego and Sesame Place San

23  Diego on its websites without including all mandatory fees or charges that customer

24  must ultimately pay to lure consumers into to purchasing tickets. *Id*. ¶¶ 5, 74-85.

25  The Marks Plaintiffs allege that United Park's failure to disclose what they

26

27  _____
[1] The Marks Plaintiffs also assert claims based on Untied Park's purported use

28  of advertisements that falsely represent that tickets offered for sale on its online ticketing platforms are "on sale."

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CA 90025
TEL 310.566.9800 • FAX 310.566.9850

1    characterize as "hidden fees" injures consumers, causing them to pay a higher price

2    for the tickets than they otherwise would. *Id*. ¶¶ 79, 85. With respect to the "hidden

3    fee" allegations, the Marks Plaintiffs assert claims for violation of California's

4    Unfair Competition and quasi-contract and seek, among other things, injunctive

5    relief and restitution. *Id*. ¶¶ 152-163, 182-189. The Marks Plaintiffs assert the

6    "hidden fee" claims on behalf of themselves and the following class:

7       All persons who, while in the state of California and within the
        applicable statute of limitations and until June 30, 2024, purchased one
8       or more Sea World [or Sesame Place] tickets and paid hidden fees.

9    *Id.* ¶ 96.

10    ***The Ngo Action*** is a putative class action by plaintiff Johnny Ngo ("Ngo")

11    against United Parks, which owns "a portfolio of award-winning parks" including

12    SeaWorld and Sesame Place. Ngo Action, Dkt 1, Ex. A at ¶¶ 1-2. Ngo alleges that,

13    in August 2023, he used United Park's "online ticket sales platform to purchase two

14    single-day tickets for admission" to SeaWorld San Diego, each of which allegedly

15    included a hidden "Service Fee." *Id*., Ex. A at ¶¶ 40-52. Ngo alleges that United

16    Park "unlawfully advertises and displays ticket prices [for its parks] on its websites

17    without including all mandatory fees or charges that customer must ultimately pay"

18    in order to "lure consumers into the purchase process." *Id*., Ex. A at ¶ 5. Ngo alleges

19    that United Park's failure to disclose what he characterizes as "hidden fees" injures

20    consumers, causing them to pay a higher price for tickets than they otherwise would.

21    *Id*., Ex. A at ¶¶ 14-39. Ngo alleges claims for violations of California's Unfair

22    Competition and False Advertising Law, violation of California's Consumer Legal

23    Remedies Act, unjust enrichment and breach of contract through which he seeks,

24    among other things, injunctive relief and "restitution of all monies" allegedly

25    obtained from the "unlawful practices." Ngo asserts the claims on behalf of himself

26    and the following class:

27       All consumers residing in California who, within the applicable statute
        of limitations, up to and including the date of final judgment in this
28       action, purchased a ticket from an online ticketing platform operated by

933623.1                                    NOTICE OF RELATED CASES

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CA 90025
TEL 310.566.9800 • FAX 310.566.9850

[United Parks] where all mandatory fees were not included in the initially displayed or advertised price of the ticket.

*Id.*, Ex. A at ¶ 53.

***The Beeman Action*** is a putative class action by plaintiff Matthew Beeman ("Beeman") against United Parks which arises from, among other things, United Parks' purported use of "hidden fees to sell its tickets." Beeman Action, Dkt. 1 (Class Action Complaint and Demand for Jury Trial) ¶¶ 1, 6. Beeman alleges that, in July 2025, he purchased a ticket to Busch Gardens Williamsburg and two tickets to Water Country USA through United Park's online ticketing websites, each of which allegedly included "hidden" fees. *Id*. ¶¶ 15-29. Beeman alleges that United Park unlawfully advertises and displays ticket prices for those parks on its websites without including all mandatory fees or charges that customer must ultimately pay to lure consumers into purchasing tickets. *Id*. ¶¶ 6-8, 42-53. Beeman alleges that United Park's failure to disclose what they characterize as "hidden fees" injures consumers, causing them to pay a higher price for the tickets than they otherwise would. *Id*. ¶¶ 1, 37. Beeman asserts claims for violations of the Virginia Consumer Protection Act and Virginia's All-In Pricing Law and seeks, among other things, damages and restitution. *Id*. ¶¶ 68-95. Beeman asserts the claims on behalf of himself and the following class (and similar subclass):

> All persons who, while in the Commonwealth of Virginia and within the applicable statutory period, up to and including the date of final judgment in this action, purchased a ticket to Busch Gardens Williamsburg or Water Country USA on a ticketing website operated by [United Parks] where all mandatory fees were not included in the initially displayed or advertised price of the ticket."

*Id.* ¶ 57.

***The Mouzer Action*** is a putative class action by plaintiff Allison Mouzer ("Mouzer") against United Parks which arises from United Parks' purported use of hidden fees to sell its tickets. Mouzer Action, Dkt. 1 ¶¶ 1-7. Mouzer alleges that, in February 2025, she purchased four tickets to Discovery Cove in Florida through United Park's online ticketing websites, each of which allegedly included "hidden"

933623.1                                NOTICE OF RELATED CASES

fees. *Id.* ¶¶ 14-26. Mouzer alleges that United Park unlawfully advertises and displays ticket prices for Discovery Cove on its website without including all mandatory fees or charges that customer must ultimately pay to lure consumers into purchasing tickets. *Id.* ¶¶ 14-26, 35-52. Mouzer alleges that United Park's failure to disclose what she characterizes as "hidden fees" injures consumers, causing them to pay a higher price for the tickets than they otherwise would. *Id.* ¶¶ 1, 33, 38. Mouzer alleges a claim for violation of the Florida Deceptive and Unfair Trade Practices Action and seeks, among other things, damages and restitution. *Id.* ¶¶ 64-79. Mouzer asserts the claim on behalf of herself and the following class:

> All persons who, within the applicable statutory period, up to and including the date of final judgment in this action, purchased a ticket from a ticketing website operated by [United Parks] where all mandatory fees were not included in the initially displayed or advertised price of the ticket."

*Id.* ¶ 54.

Given the allegations described above, there is no question that the Petrun Action, Marks Action, Ngo Action, Beeman Action and Mouzer Action: (a) arise from the same or substantially identical transactions, happenings, or events; (b) involve the same or substantially the same parties; (c) call for determination of the same or substantially identical questions of law; and (d) involve substantial duplication of labor if heard by different judges. For each of these reasons, the Actions are "related cases" within the meaning of Local Rule 40.2.

### Assignment of the Petrun, Marks and Ngo Actions

United Parks further submits that, given the identical nature of the allegations and the overlap of both questions of fact and law (as demonstrated above), assignment of the Petrun Action and the two other cases pending in the Southern District of California (the Marks Action and the Ngo Action) to a single district judge is likely to effect a saving of judicial effort and other economies.

\*    \*    \*

United Parks has not yet been served with the Complaint filed in the Petrun

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CA 90025
TEL 310.566.9800 • FAX 310.566.9850

1  Action and has not responded to the Complaint filed in the Ngo Action. United

2  Parks is currently evaluating the allegations of each case to determine the

3  appropriate response and to assess the possibility of consolidation and/or

4  coordination. Nothing stated herein is intended to be, and should not be construed

5  as, a waiver by United Parks of any grounds for challenging the allegations of such

6  Complaints or for seeking/opposing consolidation and/or coordination.

7

8  DATED:  February 11, 2026          KINSELLA HOLLEY ISER KUMP
                                                          STEINSAPIR LLP
9

10

11                                                     By: _____

12                                                          Kristen L. Spanier

13                                                          Attorneys for Defendant
                                                             United Parks & Resorts, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CA 90025
TEL 310.566.9800 • FAX 310.566.9850

7

NOTICE OF RELATED CASES

933623.1